UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TERRY LARSON and JAYNE LARSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:20-CV-250-PPS-JEM |
| ) | |
| DAVIDSON TRUCKING, INC., and GARY ) | |
| EIDT, individually and as an employee, of ) | |
| DAVIDSON TRUCKING, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter arises from an automobile accident in Valparaiso where one of the Plaintiffs, Terry Larson, sustained serious injury. His wife, Jayne, also seeks damages for a loss of consortium. The issue presently before me concerns Defendants' request to compel the deposition of Larson's consulting medical examiner. [DE 41.] After I denied Defendants' motion to compel [DE 50], they moved to reconsider. [DE 51.] Defendants' request is DENIED.

## Legal Standard

Courts have broad discretionary authority to reconsider interlocutory orders any time before final judgment. *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015); *Galvan v. Norberg*, 678 F.3d 581, 586–88 (7th Cir. 2012). Defendants style their motion to reconsider under Federal Rule of Civil Procedure 59. [DE 51 at 4.] But my opinion and order denying Defendants' motion to compel is not a final judgment as Plaintiffs' claims remain pending. A Rule 59 motion "is applicable only to final judgments; it is not

1

applicable to interlocutory orders or orders that adjudicate fewer than all the claims, or liabilities of fewer than all of the parties, entered prior to the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Katz-Crank v. Haskett*, No. 1:13–cv–00159, 2014 WL 3507298, at *1 (S.D. Ind. July 14, 2014); *see also Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 593 (7th Cir. 2011) ("[O]rders granting or denying motions to compel discovery normally are nonfinal and therefore appealable only in extraordinary circumstances . . . .").

Instead, motions to reconsider orders other than final judgments, as is the case here, are governed by Rule 54(b). Here's what that rule provides:

> . . . [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). It is worth nothing that under either Rule 54(b) or Rule 59, courts use the same legal standard. *See Woods v. Resnick*, 725 F.Supp.2d 809, 827 (W.D. Wis. 2010) ("[M]otions to reconsider an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)"). Even though Defendants moved under the wrong rule, in the interest of justice, I will proceed to analyze Defendants' motion to reconsider under Rule 54(b).

A motion to reconsider is appropriate where: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant

change in law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Janky v. Batistatos*, No. 2:07–CV–339, 2009 WL 10692471, at *1 (N.D. Ind. Aug. 24, 2009) (quoting *Orange v. Burge*, 451 F.Supp.2d 957, 961 (N.D. Ill. 2006)); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Motions to reconsider an order under Rule 54(b) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Mayes v. City of Hammond, Ind.*, No. 2:03-cv-379, 2006 WL 2193048, at *1 (N.D. Ind. Aug. 1, 2006) (collecting cases). Importantly, they are not "vehicles for 'rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.'" *Gaskin v. Sharp Elecs. Corp.*, No. 2:05-CV-303, 2007 WL 2746876, *2 (N.D. Ind. Sept. 18, 2007) (quoting *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

### Discussion

This is not Defendants' first, second, or even third bite at the apple. This is the fourth. The issue here concerns Plaintiffs' consulting expert Dr. Rothke. Here's a brief history of how we got here. Dr. Rothke examined Mr. Larson and thereafter, in September 2022, Defendants moved to compel Plaintiffs to produce a report by Dr. Rothke. [DE 26.] Former Magistrate Judge Kolar issued an opinion denying Defendants' motion in February 2023. [DE 35.] Defendants

moved to reconsider this opinion [DE 36], and Judge Kolar denied this request in July 2023 [DE 38]. Trying a different approach, Defendants then moved to compel the deposition of Dr. Rothke in August 2023. [DE 41.] After Judge Kolar was elevated to the Seventh Circuit, I decided to handle the motion myself instead of assigning it to the new magistrate judge. After a March 2024 hearing [DE 49], I denied the motion to compel in May 2024. [DE 50.] Defendants then moved to reconsider [DE 51], and that is the motion presently before me.

Defendants seek reconsideration of two alleged errors in the opinion denying their motion to compel. First, Defendants argue that the opinion ignored the plain meaning of Federal Rule of Civil Procedure 35(b)(4)'s waiver of privilege. [DE 51 at 3.] Second, Defendants argue that the opinion supplanted Rule 35's language and design to preserve an equal footing between the Parties to evaluate the Plaintiff's medical condition. [*Id*. at 3–4.] These arguments are intertwined, so I will review them in tandem.

Defendants take issue with my use of the common statutory interpretation concept that the "meaning—or ambiguity—of certain words or phrases may only become evident when placed in context." *Food & Drug Admin. v. Brown & Williamson Tobacco, Corp.*, 529 U.S. 120, 132 (2000). Defendants' efforts to distinguish the facts of *Brown & Williamson Tobacco, Corp.* is a meaningless exercise. The basic point remains that "[i]t is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a

4

view to their place in the overall statutory scheme." *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 809 (1989).

Defendants argue I undertook "unnecessary analysis to solve a phantom problem" in my interpretation of the purpose of Rules 26 and 35 instead of applying Defendants' view of the Rules' plain language. [DE 51 at 5.] Despite this assertion, Defendants then describe their own view of the purpose of Rules 26 and 35 and even recognize that "the discovery rules do not provide a series of isolated devices." [*Id.* at 6.]

According to Defendants, Rule 35(b) is based upon the premise that it is desirable for each side to have access to all medical reports regarding the condition in controversy "even where the examiner's report has not been requested." [*Id.* at 7.] I already addressed Defendants' arguments concerning fairness and disclosure at length in my opinion. [DE 50 at 9–14.] Defendants' argument also continues to ignore "Rule 26's deliberate scheme to treat testifying and consulting experts differently." [*Id.* at 12.]

Defendants then advance a more specific critique that the Court's interpretation of Rule 35 leads to the untenable situation in which an examined plaintiff has an absolute right to receive a Rule 35 examiner's report from a defendant's Rule 35 examiner even if they were only a consulting expert. [DE 51 at 8.] For starters, that is not the situation at issue here. Moreover, Defendants' argument ignores the power that Rule 35 affords parties to compel medical examinations. As I discussed in my opinion: "[d]iscussions of Rule 35 describe its

5

essential purpose as providing for compelled medical examinations with the concomitant right of the examined person to receive a report by the medical examiner for whom he was compelled to permit an examination." [DE 50 at 13.] Defendants chose to exercise this right to examine under Rule 35, just as they chose to designate their examiner as a testifying expert.

Defendants next reiterate their argument that Rule 35(b)(4) waives protection of consulting experts when a party examined under Rule 35 seeks to depose the examiner. [DE 51 at 9–10.] This is nothing new either. In my opinion I explained the design and purpose of Rule 26 to differentiate between consulting and testifying experts and noted that Rule 26(b)(4)(A) contains no qualification concerning the right to depose a testifying expert. [DE 50 at 10.]

Finally, Defendants half-heartedly suggest that Rule 35(b)(1) provides an absolute right to depose a medical examiner. I already considered and rejected this argument. [*Id.* at 15 (citing *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 246 (N.D. Iowa 1996).] Defendants also repackage their argument that Rule 35(b)(4) contains two independent waivers: one triggered by requesting and receiving a report under 35(b)(1) and one triggered "by deposing the examiner." [DE 51 at 12–13.] Once again, I previously considered and rejected this argument in my original opinion. [DE 50 at 14–15.] I noted that such a reading of Rule 35 led to nonsensical outcomes and explained that the nature of Rule 35(b)(1)'s absolute right to demand a report from a medical examiner, unlike a mere request to depose, created the waiver of privilege under Rule 35(b)(4). [*Id.*]

## Conclusion

I acknowledge that this is a tricky question. I too have gone to great lengths to review the record, conduct research, and reach a conclusion. But I did this *three times* before the present motion, and I've now done so a fourth time. The time for considering this question has ended. It is time for Defendants to try this case. Defendants' Motion for Reconsideration [DE 51] is DENIED.

**SO ORDERED**.

ENTERED: November 1, 2024.

/s/ Philip P. Simon
**UNITED STATES DISTRICT JUDGE**
